**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SHAWN ROWLAND, and UNISOURCE WORLDWIDE, INC., | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 1:10-CV-3443-RWS |
| v. | : | |
| INTERNATIONAL PAPER COMPANY and XPEDX, INC., | : | |
| Defendants. | : | |

**ORDER**

This case comes before the Court on Plaintiffs' Motion for Preliminary Injunction [2], Plaintiffs' Amended Motion for Preliminary Injunction [12] and Defendants' Motion to Dismiss or, in the alternative, Motion to Transfer Venue and Defendants' Motion for an Award of Attorneys' Fees ("Defendants' Motion") [5]. After considering the record, the Court enters the following Order.

As an initial matter, while both the original Complaint [1] and Amended Complaint [8] contain as a prayer for relief a request for preliminary injunctive relief, such a request will not be construed as a motion for preliminary

injunctive relief because it does not comply with this Court's Local Rules for the filing of motions. See LR 7.1(A)(1), NDGa. ("Every motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority. If allegations of fact are relied upon, supporting affidavits must be attached to the memorandum of law."). Therefore, the Clerk is **ORDERED** to strike docket entries [2] and [12] from the docket. The remainder of this Order addresses Defendants' Motion [5].

**Background**

This case arises out of Plaintiff Shawn Roland's decision to resign from xpedx, a division of International Paper Company ("IP"), and subsequently join Unisource Worldwide Inc. ("Unisource"). Roland began his employment with xpedx in 1990. (Amended Complaint ("Complaint"), Dkt. [8] at ¶ 8). In 2005, Rowland was promoted by xpedx from Business Unit Manager to Director of Marketing, Packaging, West Region. (Id.). In this position, Rowland spent most of his time in sales functions for a territory that included Denver, Colorado and locations west of Denver. (Id.). In connection with this promotion, Rowland entered into a Non-Competition Agreement (the "Agreement") with IP. (Id. at ¶ 9). In October 2008, Rowland was promoted to Director of Sales, Corrugated, West Region, which included all states west of



AO 72A
(Rev.8/82)

the Mississippi River and five divisions in Mexico. (Id. at ¶ 10). In this position, he was responsible for the region's packaging sales. (Id.).

On October 22, 2010, Rowland resigned from his employment with xpedx in order to join Unisource as Director of Segment Development - Packaging for Canada. (Id. at ¶¶ 16, 17). He informed an xpedx human resource ("HR") manager that he was going to work for Unisource and would continue to reside in Colorado. (Id. at ¶ 16). The HR manager reminded Rowland of his obligations under the Agreement. (Id.). Rowland's supervisor, Steve Bowden, called Rowland to also remind him of his obligations under the Agreement. (Id.). Rowland interpreted these statements as threats by xpedx to enforce the Agreement. (Id.).

Rowland began working with Unisource on October 25, 2010. (Id. at ¶ 17). At Unisource, he is responsible for "leading the effort to increase national packaging and corrugated sales, evaluating the market and setting competitive strategies in Canada." (Id.). Plaintiffs allege that "[i]n performing his work as Director - Corrugated Packaging Canada, Rowland will also spend a considerable portion of his time during the next year working at Unisource's offices in Gwinnett County, Georgia," but will continue to reside in Colorado



AO 72A
(Rev.8/82)

due to family circumstances.[1] (Id.). He will perform some functions relating to his new position, such as making telephone calls and sending and receiving e-mail, from his home in Colorado. (Id.).

Plaintiffs allege that they are faced with "immediate serious and negative effects if Defendants attempt to enforce the Non-Compete [("NCC")], Non-Solicitation of Customers [("NSCC")] and the Non-Solicitation of Employee [("NSEC")] covenants contained in the Agreement in a forum other than Georgia." (Id. at ¶ 20). Plaintiffs allege that the NCC, NSCC, and NSEC are overbroad and thus unlawful and unenforceable under Georgia law. (Id. ¶ 22). They "fear that Defendants will seek to block Rowland's employment with Unisource by taking legal action in a forum other than Georgia," to avoid the application of Georgia's public policy against overbroad restrictive covenants. (Id. ¶ 21). Counts I-III of Plaintiffs' Complaint seek declaratory judgments that the NCC, NSCC, and NSEC are unenforceable. (Id. ¶¶ 29, 35, 40). Count IV seeks preliminary and permanent injunctive relief. (Id. ¶ 43). Plaintiffs ask the Court to restrain Defendants from: (a) seeking to enforce the NCC, NSCC, and NSEC; (b) "taking any other action to preclude Rowland and Unisource from

---

[1] Unisource is a Delaware corporation with its principal place of business located in Norcross, Georgia. (Dkt. [8] at ¶ 1).



AO 72A
(Rev.8/82)

engaging in an employment relationship or lawfully competing with Defendants; and" © benefitting in any other fashion from the enforcement of the NCC, NSCC, and NSEC. (Id. ¶ 46).

**Discussion**

Defendants argue that Counts I-IV of Plaintiffs' Complaint fail to state a claim as a matter of law and should therefore be dismissed. (Dkt. [10] at 8). Defendants also contend that "[t]his is a case of rank forum shopping by Plaintiffs," that the has nothing to do with Georgia. (Dkt. [5] at 1). Therefore, they argue that the case should be transferred. The Court will examine Defendants' arguments.

**I. Venue**

Defendants concede that venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1), because IP's operations in Georgia subject it to jurisdiction in this Court. (Dkt. [10] at 8). However, Defendants' contend that "Plaintiffs' claims have nothing to do with IP's operations in Georgia," and that venue is not proper under 28 U.S.C. § 1391(a)(2), because "a substantial part of the events or omissions giving rise to the claim" did not occur in this district. Therefore, Defendants ask the Court to transfer this case to the District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a). Section 1404(a)



AO 72A
(Rev.8/82)

provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendants argue that this is an ideal case for Section 1404(a) transfer because: Plaintiff Rowland lives in Colorado; he resided there while employed by xpedx; he continues to reside there, and is not relocating to Georgia for his new position with Unisource; he worked for xpedx in its Colorado office and not in any Georgia office; his sales territory did not include Georgia; and he did not work with any customers in Georgia. (Dkt. [10] at 9). Further, Defendants argue that IP's principal place of business is in Tennessee and while its xpedx division has two locations in Georgia, Plaintiffs' claims do not arise out of any operations in Georgia. (Id. at 10). Also, no IP or xpedx witnesses reside in Georgia, and the only relevant IP or xpedx employees that Plaintiff has identified live in Ohio and Arizona. (Id.). Plaintiffs counter that Rowland's responsibilities at Unisource have a greater connection to Georgia than to Colorado. (Dkt. [9] at 17). Unisource is a Delaware corporation with its principal place of business located in Norcross, Georgia. (Dkt. [5] at ¶ 1). Plaintiffs argue that other than Rowland's continued residence in Colorado and the occasional business phone call or e-mail he will engage in from his home



AO 72A
(Rev.8/82)

there, none of the circumstances giving rise to this action arise in Colorado. (Dkt. [9] at 17).

This district being an appropriate venue for this action, the Plaintiff's choice of forum is accorded considerable deference. See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). Therefore, the burden is on the moving party to establish that the District of Colorado is a more convenient forum. Id. In determining whether another forum is more convenient, the Court is to consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. 28 U.S.C. § 1404(a). Unless the balance is strongly in favor of Defendants, Plaintiffs' choice of this District should not be disturbed. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). If a change of venue would simply shift inconvenience from one party to the other, transfer is not appropriate under Section 1404(a). Id.

Defendants have not demonstrated that any convenience offered by the District of Colorado strongly outweighs Plaintiffs' choice of this forum. Despite the fact that Rowland lives in Colorado, he has opted to file suit in this District. Even assuming that Rowland will not spend a substantial portion of his time over the next year in Georgia, does not make this forum inappropriate,

because Unisource's principal place of business is in this District. While the Agreement was signed in relation to a job based in Colorado, the question of its enforceability is related to Rowland's decision to work for a corporation based in Georgia. The Court recognizes that certain relevant documents and/or witnesses may be in Colorado, but the only relevant witnesses identified by Defendants reside in Ohio and Arizona. This forum is not necessarily more convenient than the District of Colorado, but in the absence of a strong balance in favor of transferring this action, Plaintiff's choice of forum will be respected. Defendants' Motion to Transfer pursuant to 28 U.S.C. 1404(a) is **DENIED**.

## II. Motion to Dismiss

### A. Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is



AO 72A
(Rev.8/82)

plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In ruling upon a motion to dismiss, the Court is not limited to the four corners of the complaint, but may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record in the case . . . ." 5B Wright & Miller § 1357; see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as



AO 72A
(Rev.8/82)

well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss").

B. Standard for Declaratory Judgment

The Declaratory Judgment Act provides: "in a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such determination, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In order to bring a declaratory judgment action an "actual controversy" must exist. Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir.1995). The issue is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).

C. Count I - Declaratory Judgment as to NCC

Plaintiffs seek a declaration that the NCC is unlawful and unenforceable. (Dkt. [8] at ¶ 29). The NCC states in relevant part:

> I agree that while I am employed by [IP] and for twelve (12) months after the date of termination by either party of the employment relationship for any reason . . . I shall not, directly or



AO 72A
(Rev.8/82)

> indirectly, commit, participate in or facilitate any of the Competitive Activities for any other company, organization or entity within the region (as defined by [IP]) in which I last worked.

(Dkt. [8-1] at 3). The Agreement defines Competitive Activities as a broad array of work on

> any product, process, or service that is competitive with those products, processes, or services of [IP], whether existing or contemplated for the future, on which I have worked, or concerning which I have in any manner acquired knowledge, trade secrets or confidential information during the twenty four (24) months preceding termination of my employment.

(Id.). Plaintiffs assert that the NCC "creates uncertainty about Rowland's ability to send e-mails and make telephone calls related to his job at Unisource from his home in Colorado, which is part of the prohibited "territory" in the Agreement." (Dkt. [9] at 12). This argument is not supported by the plain language of the Agreement.

The Agreement prohibits Rowland from working on any product or service that is competitive with a product or service on which he worked while employed by IP. In his last two years with IP, Rowland was responsible for sales in states west of the Mississippi River and within Mexico. In his new position with Unisource, he is responsible for developing the company's market in Canada. Therefore, none of the services or products that he will be offering

on behalf of Unisource overlap in geographical scope with his responsibilities at IP. Also, to the extent that he may use knowledge developed while employed at IP to aid in his new responsibilities at Unisource, it will not be in regard to products or services competitive with those he previously offered on behalf of IP. Plaintiffs' argument that the NCC creates uncertainty is unpersuasive. Rowland's affidavit states that he "will occasionally make telephone calls and receive and respond to emails from my home in Colorado." This Court would not find such activity to be in violation of the NCC. An "actual controversy" does not exist in regards to the NCC. Defendants' Motion to Dismiss [5] in regards to Count I of Plaintiff's Complaint is **GRANTED**. Count I of Plaintiffs' Complaint [8] is **DISMISSED**.

D. Count II - Declaratory Judgment as to NSCC

Plaintiffs seek a declaration that the NSCC is unlawful and unenforceable. (Dkt. [8] at ¶ 35). The NSCC states in relevant part:

> for twelve (12) months following the termination of my employment for any reason . . . I agree that I will not, either on my own behalf or on behalf of any other person or entity, directly or indirectly, solicit, sell or assist anyone in the sale of or provide service relating to any [IP's] products or products similar to those sold by [IP] to any person, company, firm, or corporation who is or was a customer of [IP] within one (1) year prior to the termination of my employment and with whom I, or those employees reporting to me, had Material Contact during the last year of my employment



AO 72A
(Rev.8/82)

> . . . . I agree not to solicit, sell or assist in the sale or provide service to any such customers on behalf of myself or any other person, firm, company, or corporation.

(Dkt. [8-1] at 4). Defendants assert that Count II of Plaintiff's Complaint fails to state a claim because Plaintiffs "do not allege that Rowland will have any responsibility for soliciting customers in the West Region in his new position." (Dkt. [10] at 5). Defendants contend that alleging the mere possibility of a violation is not sufficient to withstand a motion to dismiss. Plaintiffs respond that courts have routinely allowed declaratory relief when an employee is subject to a restrictive covenant which creates uncertainty as to his employment with a new employer.

The Eleventh Circuit has noted that

> [t]he difference between an abstract question and a "controversy" contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

GTE Directories Publ'g Corp. v. Trimen Am. Inc., 67 F.3d 1563, 1567 (11th Cir. 1995). The Court therefore must determine whether Plaintiffs' Complaint



AO 72A
(Rev.8/82)

asserts an actual controversy in regards to the NSCC. Plaintiffs maintain that the NSCC is

> overbroad, unreasonable, and unenforceable as a matter of law because, among other things, the scope of the prohibited business activity precludes Rowland from soliciting or accepting business the type of which Rowland never performed on behalf of Defendants. Further the covenant purports to restrict Rowland from soliciting or accepting unsolicited business from current and former customers of Defendants.

(Dkt. [8] at ¶ 33). Defendants maintain that such allegations are insufficient because Plaintiffs have not alleged that Rowland will actually solicit any business in his new position from a current or former customer. However, such an interpretation of what constitutes a sufficient allegation under the Declaratory Judgment Act is overly narrow. Plaintiffs need not wait until Rowland actually solicits or contemplates the solicitation of a former customer in order to determine the enforceability of the Agreement. Further, the Complaint indicates that Plaintiffs foresee that Rowland will solicit former customers in his current position, albeit for services offered in a different geographical region.

Plaintiffs have adequately alleged an actual controversy in regards to the NSCC. Defendants do not provide any other argument for the dismissal of



AO 72A
(Rev.8/82)

Count II. Therefore, Defendants' Motion to Dismiss [5] Count II of Plaintiff's Complaint [8] is **DENIED**.

E. Count III - Declaratory Judgment as to NSEC

Plaintiffs seek a declaration that the NSEC is unlawful and unenforceable. (Dkt. [8] at ¶ 40). The NSEC states in relevant part:

> for twelve (12) months following the termination of my employment for any reason . . . I agree that I will not, either on my own behalf or on behalf of any other person or entity, directly or indirectly, hire, solicit, retain, or encourage to leave the employ of [IP] (or assist any other person or entity in hiring, soliciting, retaining, or encouraging) any person who is then or was within six (6) months of the date of such hiring, an employee of [IP].

(Dkt. [8-1] at 3-4). Defendants' argument regarding the NSEC is similar to what it asserted with respect to the NSCC. Defendants maintain that Plaintiffs have not alleged that Rowland will have any responsibility for recruiting or hiring in his new position and therefore have not alleged an actual controversy regarding the NSEC. Plaintiffs' Complaint however is sufficient regards to Plaintiffs' concern as to the applicability of the NSEC, such that Count III of the Complaint survives Defendants' Motion to Dismiss [5]. The Complaint alleges that the NSEC creates uncertainty as to what Rowland may properly do in the employ of Unisource because the NSEC "purportedly precludes Rowland from hiring, soliciting, retaining, or encouraging to leave the employ of [IP]



AO 72A
(Rev.8/82)

employees with whom Rowland never had material contact during his employment with xpedx." (Dkt. [8] at ¶ 39).

Plaintiffs have adequately alleged an actual controversy regarding the NSEC. Defendants do not provide any other argument for the dismissal of Count III. Therefore, Defendants' Motion to Dismiss [5] Count III of Plaintiff's Complaint [8] is **DENIED**.

F. Count IV - Injunctive Relief

Count IV of Plaintiffs' Complaint [8] seek a preliminary and permanent injunction enjoining the Defendants from: (1) seeking to enforce the NCC, NSCC, and/or NSEC; (2) taking any other action to preclude Rowland from working for Unisource or competing with Defendants; and (3) benefitting in any fashion from the enforcement of the NCC, NSCC, and/or NSEC. (Dkt. [8] at ¶ 46). Defendants in their Motion to Dismiss [5] maintain that Count IV of Plaintiffs' Complaint [8] should be dismissed because it seeks relief that this Court cannot grant. Plaintiffs' original Complaint [1] expressed a concern that Defendants would seek to enforce the covenants in a jurisdiction other than Georgia and sought injunctive relief preventing them from doing so. (See Dkt. [1] at ¶ 44 ("Unless Defendants are enjoined . . . Defendants will seek to enforce the . . . covenants contained in the Agreement in a foreign jurisdiction .



AO 72A
(Rev.8/82)

. . ."). Defendants argue that the Eleventh Circuit has held that a district court may not issue an injunction that applies the public policy of Georgia on a nationwide basis. (Dkt. [10] at 7 (citing Keener v. Convergys Corp., 342 F.3d 1264 (11th Cir. 2003)).

In Keener, the Eleventh Circuit held that the

> district court extended the injunction beyond a reasonable scope by permitting the public policy interests of Georgia to declare [the agreement] unenforceable nationwide, when its law was not intended by the parties to apply in the first place. Accordingly, the injunction should be modified to preclude [the Appellant] from enforcing [the agreement] in Georgia only.

Keener, 342 F.3d at 1270. In that case, the agreement was entered into in Ohio and selected Ohio law, thus it was the expectation of both parties that Ohio law would apply. Id. at 1268 n.2. In contrast, the Agreement states that it will be governed "by the laws of the State of Colorado *or* any other Court of competent jurisdiction, having a significant relationship to the subject matter of this Agreement." (Dkt. [8-1] at 6 (emphasis added)). The parties here expressly contemplated the application of the law of any state with significant relationship to the subject matter of the Agreement. Therefore, the Agreement is distinguishable from the one at issue in Keener. However, in response to Defendants' Motion to Dismiss, Plaintiffs filed an Amended Complaint [8]



AO 72A
(Rev.8/82)

which removes the term "foreign jurisdiction" from Count IV. (See Dkt. [8] at ¶ 44 ("Unless Defendants are enjoined . . . Defendants will seek to enforce the . . . covenants contained in the Agreement . . . .")). Plaintiffs' clarified their intent, stating: "Plaintiffs . . . do not seek injunctive relief that exceeds the scope of the Court's authority. Indeed the prayer for relief does not seek injunctive relief beyond Georgia's borders." (Dkt. [9] at 10 n.4). The Court will take Plaintiffs at their word and will not construe Count IV as seeking injunctive relief beyond Georgia's boundaries.[2]

Defendants' Motion to Dismiss [5] as to Count IV is **DENIED**.

---

[2] Plaintiffs do, however, maintain that "the first-filed rule precludes Defendants from seeking to enforce the Agreement or pursue compulsory counterclaims in another court and, with respect to compulsory counterclaims, allows this Court to enjoin Defendants from pursuing compulsory counterclaims in [a] separate action." (Dkt. [9] at 10 n.4). Subsequent to the filing of this action, Defendants filed an action in the United States District Court for the District of Colorado ("Colorado Action") alleging that Rowland violated the Colorado Uniform Trade Secrets Act by misappropriating Defendants' trade secrets. (Dkt. [10] at 10-11). While arguably based upon the same set of operable facts, Rowland's change of employment, the Colorado Action does not make reference to the NCC, NSCC, or NSEC.

Plaintiffs in their Response state this Court is allowed to enjoin the Colorado Action because Defendants' claims in that action are properly construed as compulsory counterclaims that must be asserted in this action. As noted in the introductory section of this Order, Plaintiffs have not yet properly sought preliminary injunctive relief. Plaintiffs have filed a motion to dismiss, stay or transfer the Colorado Action in the District of Colorado. The Judge presiding over that action can appropriately determine whether it is a compulsory counterclaim that must be filed in response to Plaintiffs' action in this Court.



AO 72A
(Rev.8/82)

**Conclusion**

For the aforementioned reasons, Defendants' Motion to Dismiss [5] is **GRANTED in part**, and **DENIED in part**. Count I of Plaintiffs' Complaint [8] is **DISMISSED**.

**SO ORDERED**, this _15th_ day of April, 2011.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)